## Slotnik v. Winston et al.

*James Terpolilli*, for plaintiff.

*Morris B. Levitt*, for defendants.

SMITH, P. J., September 26, 1951.—This matter comes before the court on defendants' motion and rule to strike off a judgment against James C. Winston in the sum of $638.44.

The judgment was entered by plaintiff against Winston without order or decree of this court. The original action is in equity to set aside a sale by Winston and Friedant of a grocery store because of alleged violation of the provisions of the Bulk Sales Act. In the joint answer defendant Winston admitted an indebtedness to plaintiff in the sum of $638.44, but denied that complainant was entitled to any relief prayed for since the sale had taken place more than 90 days before the bill was filed, contrary to the provisions of section 3 of the Bulk Sales Act of May 23, 1919, P. L. 262.

After the answer was filed complainant on August 20, 1951, by an order or præcipe of his attorney upon the prothonotary caused a judgment to be entered against Winston for the amount admitted to be due in the answer.

The attorney for plaintiff exceeded his authority and the prothonotary had no power to enter this judgment in a proceeding arising in equity as written.

Rule of Civil Procedure 1037, providing for the entry of a judgment in civil cases, does not cover proceedings in equity. In equity a judgment may not be entered without first having had an order or decree of the chancellor. In action in equity, facts admitted require no proof on the trial in equity but there is no provision for the taking of a judgment by the attorney for plaintiff without first having had the order or decree of the court.

### Order

And now, to wit, September 26, 1951, the motion and rule of defendant to strike off the judgment against James C. Winston is granted and the prothonotary is directed to strike off the judgment against James C. Winston.